1  BARRY J. PORTMAN
   Federal Public Defender
2  JOYCE LEAVITT
   Assistant Federal Public Defender
3  555 - 12th Street, Suite 650
   Oakland, CA 94607-3627
4  Telephone: (510) 637-3500

5  Counsel for MARVIN NELSON

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-07-00364 CW |
| Plaintiff, | DEFENDANT'S MOTION TO DISMISS INDICTMENT |
| vs. | |
| MARVIN NELSON, | Date: October 24, 2007<br>Time: 2:30 p.m.<br>Courtroom 2 |
| Defendant. | |

TO: UNITED STATES OF AMERICA, PLAINTIFF; AND SCOTT N. SCHOOLS, ACTING UNITED STATES ATTORNEY; AND CHINHAYI COLEMAN, ASSISTANT UNITED STATES ATTORNEY

PLEASE TAKE NOTICE that counsel for defendant Marvin Nelson hereby moves this Court for an order dismissing the indictment on the grounds that it is duplicitous and improperly joins separate offenses in one count.

The motion is based on this notice and motion, the following memorandum of points and authorities, the exhibits attached hereto, the Fifth and Sixth Amendments to the United States Constitution, Rules 7 and 8 of the Federal Rules of Criminal Procedure and all other applicable constitutional, statutory and case authority, and such evidence and argument as may be presented at the hearing of this motion.

*United States v. Nelson*, CR 07-00364 CW
MTN DISMISS TO INDICTMENT           1

**INTRODUCTION**

The one-count indictment charging Mr. Nelson with a violation of 18 U.S.C. § 641 alleges that he committed multiple separate and distinct offenses. The indictment thus is duplicitous. The government should not be allowed to proceed with a duplicitous indictment and instead should be ordered to dismiss the indictment.

**FACTS**

The one-count indictment in this case alleges that Mr. Nelson "did knowingly embezzle, steal, purloin, and convert to his use . . . approximately $132,000 in United States Railroad Retirement Board benefits . . . and did receive, conceal, and retain such money and things of value with the intent to convert it to his gain, knowing it to have been embezzled, stolen, purloined and converted . . . ." *See* Indictment, attached as Exhibit A. The indictment alleges that this conduct occurred over the course of approximately 18 years, between February 1989 and January 2007. Exhibit A.

According to the discovery, Mr. Nelson's mother began receiving U.S. Railroad Retirement Board retirement benefits from the government in 1977. *See* Report of Investigation, attached as Exhibit B. She died in February 1989. *Id.* Copies of the benefit checks issued to her between January 2, 1999, and January 2, 2007, "were endorsed with Betty Nelson." *Id.* Most of the checks were deposited at Bank of America. *Id.* The total amount of the benefit checks issued to Mr. Nelson's mother between February 1989 and January 2007 was approximately $132,000. *Id.* It appears from the discovery that the checks varied in amount between approximately $480 and approximately $720.

**ARGUMENT**

Rule 8(a) of the Federal Rules of Criminal Procedure provides that an indictment "may charge a defendant *in separate counts* with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a) (emphasis added). An

indictment is duplicitous, however, if a single count joins two or more separate and distinct offenses. *United States v. Ramirez-Martinez*, 273 F.3d 903, 913 (9th cir. 2001), *overruled on other grounds by United States v. Lopez*, 484 F.3d 1186 (9th Cir. 2007) (en banc). A duplicitous indictment implicates a defendant's rights to notice of the charges against him, protection from double jeopardy and a unanimous jury verdict under the Fifth and Sixth amendments to the Constitution. *Id.*; *United States v. Savage*, 67 F.3d 1435, 1439 (9th Cir. 1995). An indictment that is duplicitous also may have implications for the admission of evidence at trial and a defendant's right to be tried only for offenses that occur within the statute of limitations.

Mr. Nelson is charged in a one-count indictment with violating 18 U.S.C. § 641. That statute provides for punishment for "[w]hoever embezzles, steals, purloins, or knowingly converts to his use or the use of another . . . any . . . money or thing of value of the United States . . . *or* "[¶ w]hoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted." 18 U.S.C. § 641 (emphasis added). The statute also provides for imprisonment; "but if the value of such property in the aggregate, *combining amounts from all the counts for which the defendant is convicted in a single case*," is less than $1,000, the offense is a misdemeanor. *Id.* (emphasis added).

The duplicity problem here is two-fold. First, the indictment is duplicitous because it alleges that Mr. Nelson both embezzled or stole money *and* received, concealed or retained the same money. Exhibit A. The two paragraphs of § 641 punish two separate types of conduct: stealing property and receiving stolen property with the intent to convert it. *United States v. Beard*, 713 F. Supp. 285, 287 (S.D. Ind. 1989). A defendant cannot be convicted of both stealing and receiving the same goods. *Milanovich v. United States*, 365 U.S. 551, 553-54 (1961). "The two crimes are mutually exclusive: under paragraph one the defendant has already performed the conversion; under paragraph two, the conversion is to occur in the future." Beard, 713 F. Supp. at 289.

As interpreted in the two Ninth Circuit model jury instructions for violations of § 641, the

stealing and the receiving offenses require different mental states.  To prove stealing under § 641, the government must establish that "the defendant knowingly stole money with the intention of depriving the owner of the use or benefit of the money."  9th Cir. Model Crim. Jury Instr. 8.31. To prove receiving stolen property under § 641, the government must establish that the defendant knowingly received money, knew the money had been stolen from the United States and intended to possess the money for his own use or gain.  9th Cir. Model Crim. Jury Instr. 8.32.

The two paragraphs in 18 U.S.C. § 641 define two different crimes.  A defendant may not be convicted of both offenses for the same transaction.  Because the indictment alleges that Mr. Nelson both stole the money and received it, it is duplicitous.

Second, the indictment is duplicitous because it charges in one count many separate acts. It is clear from the discovery that no individual check Mr. Nelson is alleged to have stolen or received was worth more than $1,000; the $132,000 sum alleged in the indictment comes from aggregating all the checks.  But the punishment provision of the statute indicates that each act of stealing or receiving stolen property should be charged in a separate count by providing for aggregation of the "amounts from all the counts for which the defendant is convicted in a single case."  18 U.S.C. § 641.  The indictment is duplicitous because it includes in one count the numerous separate acts of stealing or receiving stolen property that Mr. Nelson is alleged to have committed over the course of 18 years.

## CONCLUSION

The indictment in this case charges multiple separate offenses in a single count.  It is duplicitous.  The Court should dismiss the indictment.

Dated:  October 10, 2007

                                    Respectfully submitted,

                                    BARRY J. PORTMAN
                                    Federal Public Defender
                                           /S/

                                    JOYCE LEAVITT
                                    Assistant Federal Public Defender