SCOTT N. SCHOOLS (SC 9990)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

CHINHAYI J. COLEMAN (CABN 194542)
Assistant United States Attorney

   1301 Clay Street, Suite 340-S
   Oakland, CA 94612
   Telephone: (510) 637-3924
   Facsimile: (501) 637-3724
   E-Mail: chinhayi.j.coleman@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>    Plaintiff, ) <br> ) <br>    v. ) <br> ) <br> MARVIN NELSON, ) <br> ) <br>    Defendant. ) <br> _____ ) | No. CR 07-00364 (CW) <br><br> THE GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE INDICTMENT |

**<u>INTRODUCTION</u>**

      The defendant is charged with a violation of 18 U.S.C. § 641, which may be committed by multiple means. The indictment properly charges the defendant in the conjunctive, and it is not duplicitous to charge multiple means of committing the same offense in one count. Additionally, the indictment properly charges the defendant with a single continuing offense, as the defendant's cashing many checks intended for his deceased mother constitutes a continuing scheme. For the reasons discussed more fully below, the government opposes the defendant's motion to dismiss the indictment.

THE GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
CR 07-00364 (CW)

**A.     The Indictment Properly Charges the Means of Commission in the Conjunctive**

It is well settled that where a statute may be violated by multiple means, the government may charge the alternatives in the conjunctive (using the word "and"). Turner v. United States, 396 U.S. 398 (1970); United States v. Booth, 309 F.3d 566 (9th Cir. 2002); United States v. Cusumano, 943 F.2d 305 (3rd Cir. 1991). Indeed, this format is provided for and encouraged by Rule 7 of the Federal Rules of Criminal Procedure. Fed.R.Crim.P. 7(a)("A count may allege that the means by which the defendant committed the offense are unknown or that the defendant *committed it by one or more specified means.*")(emphasis added). Thus, it is not duplicitous to charge in one count multiple means of committing the same offense. United States v. Dean, 969 F.2d 187 (6th Cir. 1992). Although it may be alleged that the offense was committed by multiple means, the government is only required to prove one of the several alternatives in order to obtain a conviction. Turner v. United States, 396 U.S. 398 (1970).

Charging in the conjunctive is most common where the statute itself makes reference to different means. On the other hand, indictments that charge in the disjunctive (using the word "or") are defective. United States v. Gunter, 546 F.2d 861 (10th Cir. 1976). In the present case, the indictment charges that the defendant "did knowingly embezzle, steal, purloin, and convert to his use money and things of value belonging to the United States and a department and agency thereof, namely approximately $132,000 in United States Railroad Retirement Board benefits payable to Betty B. Nelson, and did receive, conceal, and retain such money and things of value with the intent to convert it to his gain, knowing it to have been embezzled, stolen, purloined, and converted, all in violation of Title 18, United States Code, Section 641." See Indictment filed on June 7, 2007. Defendant Nelson cashed checks intended for his mother after she was deceased, and thereby either unlawfully embezzled, stole, purloined, converted, received, concealed or retained the money. Indeed, the Ninth Circuit has found that 18 United States Code Section 641 uses words in the disjunctive, and that it is proper to charge the elements of Section 641 conjunctively. McGriff v. United States, 408 F.2d 333 (9th Cir. 1969). Consequently, the indictment charging Mr. Nelson with a violation of Section 641 conjunctively by several specified means is entirely proper.

THE GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
CR 07-00364 (CW)                                              2

B.  **Defendant's Alleged Theft was a Continuing Offense, and the Indictment Properly Charges Him with a One-Count Felony**

Mr. Nelson's cashing many checks intended for his deceased mother is properly charged as a single, continuing offense. See United States v. Miller, 200 F.Supp. 2d 616 (S.D. W. Va. 2002)(holding that the defendant's alleged theft of her deceased mother's Social Security checks every month for several years was properly charged as a single, continuing offense under 18 U.S.C. 641, rather than as a discrete violation relating to each check, for purpose of aggregating the offenses as a felony). Under Section 641, if the value of the stolen property is over $1000, the violation is a felony. The facts of the Miller case are similar to the facts here. In Miller, the defendant negotiated 55 United States Treasury checks payable to her deceased mother over a 5 year period. Miller, 200 F.Supp. at 617. Although none of the individual checks were for $1000 or more, the case was properly charged as a felony under Section 641 in accordance with the continuing offense doctrine. Id. Like the Miller defendant, Mr. Nelson allegedly stole his mother's benefits checks, and each and every affirmative act of theft furthered an overall scheme to deprive the United States of these funds. See id. at 618. By endorsing the checks in his mother's name, Mr. Nelson gave the United States a basis to assume that his mother was still alive and therefore, the government continued without suspicion to mail the checks. See id. at 618. Because each fraudulent endorsement perpetuated an overall ruse, the offense is properly charged as a single continuing offense. See id. at 618; see also United States v. Gill, 193 F.3d 802 (4th Cir. 1999); United States v. Girard, 601 F.2d 69 (2nd Cir. 1979); United States v. Shorter, 608 F.Supp. 871, 876 (D.D.C. 1985), abrogated on other grounds by Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993)("It is well established that two or more acts, each of which would constitute an offense standing alone and which therefore could be charged as a separate counts of an indictment, may instead be charged in a single count if those acts could be characterized as part of a single, continuing scheme.")

As the government is permitted to aggregate offenses involving discrete sums of money where a series of unlawful acts were part of a single continuing scheme, the defendant is properly charged in this case for a felony violation of 18 U.S.C. Section 641.

**C.    The Indictment In This Case Is Entirely Proper**

An indictment is sufficient if it contains elements of offense, fairly informs defendant of charge against which he must defend and enables him to plead acquittal or conviction in bar of future prosecutions. Fed.R.Crim.P. 7(c)(1). The sufficiency of an indictment is determined upon practical rather than technical grounds, and the test is not whether indictment might have been drawn with greater certainty and exactitude, but whether it sets forth elements of offense and sufficiently apprises defendant of charges. Id. In the present case, the defendant cashed checks intended for his mother after she was deceased, and thereby either unlawfully embezzled, stole, purloined, converted, received, concealed or retained the money. Thus, the indictment is sufficient because it clearly informs the defendant of the charge against him and enables him to plead acquittal or conviction in bar of future prosecutions.

## CONCLUSION

For the reasons discussed above, the United States respectfully requests that the Court deny Defendant Marvin Nelson's motion to dismiss the indictment.

DATED: October 17, 2007            Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney


_____/s/_____
CHINHAYI J. COLEMAN
Assistant United States Attorney

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this e-filed document.

THE GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
CR 07-00364 (CW)                                4