BARRY J. PORTMAN
Federal Public Defender
JOYCE LEAVITT
Assistant Federal Public Defender
555 - 12th Street
Suite 650
Oakland, CA 94607-3627
Telephone: (510) 637-3500

Counsel for MARVIN NELSON

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,              ) | No. CR-07-00364 CW |
|                                        ) | |
| Plaintiff,           ) | **DEFENDANT'S REPLY RE: MOTION TO DISMISS INDICTMENT** |
|                                        ) | |
| vs.                                    ) | |
|                                        ) | Date: October 24, 2007 |
| MARVIN NELSON,                         ) | Time: 2:00 p.m. |
|                                        ) | Courtroom 3 |
| Defendant.           ) | |
| _____   ) | |

## INTRODUCTION

Defendant Marvin Nelson has moved to dismiss the indictment against him because it alleges in one count that he committed multiple separate and distinct offenses. The government has opposed the motion, arguing that the indictment (1) properly charges in the conjunctive two different means of committing a single offense and (2) properly charges multiple acts in one count because it alleges a continuing offense. The government is wrong on both counts. It should not be allowed to proceed with a duplicitous indictment. The Court should dismiss the indictment.

//

*United States v. Nelson*, CR 07-00364 CW
REPLY RE: MOT. TO DISMISS INDICTMENT         1

**ARGUMENT**

**A.    The Indictment Is Duplicitous Because It Charges Two Separate Offenses In One Count**

Mr. Nelson argued that the indictment is duplicitous because it charges in a single count two separate crimes defined in 18 U.S.C. § 641.  Specifically, it joins in one count allegations that Mr. Nelson *both* "embezzl[ed], st[ole], purloin[ed], and convert[ed] to his use money and things of value" *and* "receiv[ed], conceal[ed], and retain[ed] such money and things of  value."  He pointed out that the two paragraphs of § 641 punish two separate types of conduct:  stealing property and receiving stolen property with the intent to convert it.  *United States v. Beard*, 713 F. Supp. 285, 287 (S.D. Ind. 1989), and that a defendant cannot be convicted of both stealing and receiving the same goods.  *Milanovich v. United States*, 365 U.S. 551, 553-54 (1961).

In response, the government argues that the indictment is proper because it merely charges in the conjunctive two different means of violating the statute.  In support of its argument, it cites *McGriff v. United States*, 408 F.2d 333 (9th Cir. 1969), for the proposition that the Ninth Circuit has held that "18 United States Code Section 641 uses words in the disjunctive, and that it is proper to charge the elements of Section 641 conjunctively."  The Government's Opposition to Defendant's Motion To Dismiss The Indictment ["Gov't Opp."] at 2.  However, *McGriff* does not further the government's argument because it does not address the issue raised by Mr. Nelson in his motion to dismiss the indictment.

In *McGriff*, the indictment alleged that the defendant did "'receive, conceal and retain, with intent to convert to his own use and gain, stolen goods and property of the United States.'"  408 F.2d at 334 (quoting indictment).  The Ninth Circuit held that it was proper for the indictment to allege these acts in the conjunctive where they were in the disjunctive in the statute.  *Id.*  In *McGriff*, however, the acts alleged in the indictment are all part of the second paragraph of § 641, which defines one of the two separate offenses penalized in the statute.  18 U.S.C. § 641.  The single count of the indictment in this case, by contrast, include not only the

acts from the second paragraph of § 641 that were at issue in *McGriff* ("receives, conceals, or retains") but also acts from the *first* paragraph of § 641 ("embezzles, steals, purloins, or knowingly converts") that were not alleged in the *McGriff* indictment.

In *McGriff* the indictment was proper because it alleged different means of committing the single offense of receiving-stolen-property which is defined in the second paragraph of § 641. The indictment in this case alleges not only different means of committing the receiving offense which is defined in the second paragraph of § 641 but also it alleges different means of committing the separate and distinct stealing offense which is defined in the first paragraph of § 641. The indictment here thus improperly joins two separate offenses.

For these reasons, and the reasons discussed in his motion, the single count of the indictment in this case is duplicitous and should be dismissed.

**B.    The Indictment Is Duplicitous Because It Charges Many Separate Acts In One Count**

Mr. Nelson also argued that the indictment is duplicitous because it includes in one count the numerous separate acts of stealing and receiving stolen property he is alleged to have committed over the course of 18 years. Relying on *United States v. Miller*, 200 F. Supp. 2d 616 (S.D. W. Va. 2002), the government responds that the indictment properly charges "Mr. Nelson's cashing many checks . . . as a single, continuing offense." Gov't Opp. at 3. *Miller* is a district court case from the Southern District of West Virginia. There are several problems with the government's argument.

First, although the district court in *Miller* held that the theft offense under the first paragraph of § 641 was a continuing offense, *id.* at 618, the government fails to note that other courts have addressed the question and reached an opposite conclusion. *See Beard*, 713 F. Supp. 285, 291 (S.D. Ind. 1989) (conversion of government property under the first paragraph of § 641 not a continuing offense); *see also United States v. Silkowski*, 32 F.3d 682, 690 (2d Cir. 1994) (noting different conclusions reached by district court about whether § 641 defines continuing

offense).  Moreover, the continuing-offense doctrine may or may not apply depending upon which of the two different offenses described in the two paragraphs of § 641 is analyzed.  *See United States v. Mendoza*, 122 F. Supp. 367, 368 (N.D. Cal. 1954) (retaining stolen property in violation of second paragraph of § 641 is not continuing offense).  *But see United States v. Blizzard*, 27 F.3d 100, 101-02 (4th Cir. 1994) (concealing and retaining stolen property in violation of second paragraph of § 641 is continuing offense); *United States v. Fleetwood*, 489 F. Supp. 129, 132 (D.C. Or. 1980) (same).  The fact that the indictment in the present case alleges two separate crimes within one count further complicates the determination as to whether the offense is a continuing-offense.

Second, specific statutory language included in a 2004 amendment to 18 U.S.C. §641 undermines the district court's conclusion in *Miller* that a theft offense under the first paragraph of § 641 is a continuing offense that may be charged in one count.  The language in the amendment indicates that the Congress intended multiple offenses under § 641 to be charged in separate counts:

> [I]f the value of such property in the aggregate, combining amounts from *all the counts for which the defendant is convicted in a single case,* does not exceed the sum of $1,000, he shall be fined under this title or imprisoned not more than one year, or both.

18 U.S.C. § 641 (emphasis added); *cf. Miller*, 200 F. Supp. 2d at 617 n.2 (stating version of § 641 in effect at the time).  The language in the 2004 amendment belies the conclusion reached in *Miller* that Congress intended to treat multiple violations of § 641 as a continuing offense, properly chargeable in a single count.  *Miller*, 200 F. Supp. 2d at 618.  The government's reliance on *Miller* is equally inapt as applied in this case.

Third, the continuing-offense doctrine applies, if at all, only in limited cases.  *United States v. Niven*, 952 F.2d 289, 293 (9th Cir. 1991), *overruled in part on other grounds by United States v. Scarano*, 76 F.3d 1471 (9th Cir. 1996).  An offense should not be considered continuous unless it is clear either from the nature of the crime or from the explicit language of the statute

*United States v. Nelson*, CR 07-00364 CW
REPLY RE: MOT. TO DISMISS INDICTMENT            4

1  that it was intended to be continuous. *Id.* The continuing-offense analysis depends not on the
2  facts of the particular case but on the nature of the substantive offense. *Id.* In light of the
3  language of § 641, at least as amended in 2004, and the conflicting non-binding authority, the
4  government has not shown that the 18 years of transactions encompassed in the single count of
5  the indictment properly are charged in only one count.

6  Finally, other statutes support the proposition that different offenses must be charged in
7  separate counts. For example, while Rule 8 of the Federal Rules of Criminal Procedure provides
8  that a defendant may be charged in the same indictment with multiple offenses "if the offenses
9  charged . . . are connected with or constitute parts of a common scheme or plan," the Rule
10 requires that the offenses be charged "in separate counts." Fed. R. Crim. P. 8(a); *see United*
11 *States v. Kearney*, 444 F. Supp. 1290, 1292-95 (D.C.N.Y. 1978) (finding duplicitous single count
12 that alleged multiple takings, over 18-month period, of letters addressed to different people
13 and/or different addresses). Thus, even if the multiple acts alleged here could be considered part
14 of a "common scheme," they still should be charged in separate counts under Rule 8(a).

15 **C.     The Indictment Should Be Dismissed**

16 As noted in Mr. Nelson's motion, a duplicitous indictment poses many potential
17 problems. It implicates a defendant's rights to notice of the charges against him, protection from
18 double jeopardy and a unanimous jury verdict under the Fifth and Sixth amendments to the
19 Constitution. *United States v. Ramirez-Martinez*, 273 F.3d 903, 913 (9th cir. 2001), *overruled*
20 *on other grounds by United States v. Lopez*, 484 F.3d 1186 (9th Cir. 2007) (en banc); *United*
21 *States v. Savage*, 67 F.3d 1435, 1439 (9th Cir. 1995). An indictment that is duplicitous also may
22 have implications for the admission of evidence at trial and a defendant's right to be tried only
23 for offenses that occur within the statute of limitations. *Niven*, 952 F.2d at 293.

24 The one-count indictment in this case raises many of these concerns. It alleges two
25 separate crimes that are "mutually exclusive." *Beard*, 713 F. Supp. at 289. It also alleges
26 conduct that occurred over an 18-year period, more than triple the five-year period of the

applicable statute of limitations, 18 U.S.C. § 3282, during which period § 641 was amended three times. *See* Pub.L. 108-275, § 4, 118 Stat. 833 (2004 amendment to § 641); Pub.L. 104-294, Title VI, § 606(a), 110 Stat. 3511 (1996 amendment to § 641); Pub.L. 103-322, Title XXXIII, § 330016(1)(H), (L), 108 Stat. 2147 (1994 amendment to § 641). To protect Mr. Nelson's Fifth and Sixth amendment rights, and to ensure compliance with Rule 8(a), the Court should dismiss the indictment.

## CONCLUSION

The indictment in this case charges multiple separate offenses in a single count. It is duplicitous. For the reasons stated above and in Mr. Nelson's motion, the Court should dismiss the indictment.

Dated: October 22, 2007

        Respectfully submitted,

        BARRY J. PORTMAN
        Federal Public Defender

        /S/

        JOYCE LEAVITT
        Assistant Federal Public Defender